Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ANDRES GARCIA PUEBLA,

                *Plaintiff*,

    -against-

NY ZERZA CORP. D/B/A/ Zerza Moroccan Kitchen, M&R MEDITERRANEAN CORP. D/B/A Zerza Bar and Mayahuel, BYTELOGICS, INC. D/B/A Mayahuel Mariposa, RADOUANE ELJAOUHARI and KEITH SIILATS

**COMPLAINT**
**JURY TRIAL DEMANDED**
**Case No**: 22-cv-6820

                *Defendants*.

----------------------------------------------------------X

ANDRES GARCIA PUEBLA ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., as against NY ZERZA CORP. D/B/A/ ZERZA MOROCCAN KITCHEN, M&R MEDITERRANEAN CORP. D/B/A Zerza Bar and Mayahuel, BYTELOGICS, INC. D/B/A Mayahuel Mariposa, RADOUANE ELJAOUHARI and KEITH SIILATS (collectively, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff is a former employee of Defendants at restaurants located at 320 East 6th Street New York, NY 10003, 88 Essex Street, New York, NY 10002 and 304 East 6th Street, New York which were owned and operated by Defendants NY ZERZA CORPORATION D/B/A/ ZERZA MOROCCAN KITCHEN, M&R MEDITERRANEAN CORP. D/B/A Zerza Bar and Mayahuel, BYTELOGICS, INC. D/B/A Mayahuel Mariposa, RADOUANE ELJAOUHARI and KEITH SIILATS.

1

2. Defendants own, operate, and/or controlled a restaurant called ZERZA MOROCCAN KITCHEN at 88 Essex Street, New York, NY 10002 and MAYAHUEL MARIPOSA at 304 East 6th Street, New York 10003.

3. Plaintiff ANDRES GARCIA PUEBLA was employed by Defendants as a cook.

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

9. Plaintiff ANDRES GARCIA PUEBLA ("Plaintiff GARCIA") is an adult individual residing in Queens County, New York. Plaintiff GARCIA was employed by Defendants from approximately 2005 through August 2021.

10. NY ZERZA CORP. D/B/A/ ZERZA MOROCCAN KITCHEN is a domestic corporation organized and existing under the laws of the state of New York. Its principal place of business is 320 East 6th Street New York, NY 10003.

11. M&R MEDITERRANEAN CORP. D/B/A Zerza Bar and Mayahuel is a domestic corporation organized and existing under the laws of the state of New York. Its current principal place of business is 164 Queen Street, Ste. 1 Staten Island, NY 10314.

12. BYTELOGICS, INC. D/B/A Mayahuel Mariposa is a domestic corporation organized and existing under the laws of the state of New York. Its principle place of business is 304 East 6th Street, New York, NY 10003.

13. Defendant RADOUANE ELJAOUHARI is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant RADOUANE ELJAOUHARI is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

14. Defendant RADOUANE ELJAOUHARI possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

15. Defendant RADOUANE ELJAOUHARI assigned work tasks to Plaintiff.

16. Defendant RADOUANE ELJAOUHARI supervised Plaintiff on a semi-daily basis.

17. Defendant RADOUANE ELJAOUHARI disciplined Plaintiff.

18. Defendant RADOUANE ELJAOUHARI hired Plaintiff to work at each of the locations mentioned here.

19. Defendant RADOUANE ELJAOUHARI issued pay to Plaintiff.

20. Defendant RADOUANE ELJAOUHARI set Plaintiff's schedule at all times and was the main point of contact for all issues.

21. Defendant RADOUANE ELJAOUHARI set and controlled the rate of pay issued to Plaintiff.

22. Defendant RADOUANE ELJAOUHARI had the final word on the operations of each restaurant location where Plaintiff worked.

23. Defendant RADOUANE ELJAOUHARI directed and assigned all of Plaintiff's tasks throughout the day and supervised their performance.

24. Defendant KEITH SIILATS is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant KEITH SIILATS is being sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

25. Upon information and belief, Defendant KEITH SIILATS possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation and controls or controlled significant functions of Defendant Corporation.

26. Defendant KEITH SIILATS determined the wages and compensation of the employees of Defendants.

27. Defendant KEITH SIILATS had the power to hire and fire Plaintiff.

28. Defendant KEITH SIILATS controlled and/or supervised the payroll practices of MARIPOSA.

29. Defendant KEITH SIILATS had the power to enter into executory contracts on behalf of MARIPOSA.

30. Defendant KEITH SIILATS had the power to control and alter the schedules of employees at Mariposa.

## FACTUAL ALLEGATIONS

31. Defendant RADOUANE ELJAOUHARI possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

32. Defendant KEITH SIILATS possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation and controls significant functions of Defendant Corporation.

33. The Defendants are experienced restaurateurs who are well aware of the wage and hour obligations of hospitality businesses in New York City and federal laws.

34. Defendants are associated and joint employers, act in the interest of each other.

35. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

36. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL. In the alternative, Defendants constitute a single employer of Plaintiff.

37. In each year from 2015 to 2021, Defendants, both separately and jointly, had a gross annual volume of revenue of not less than $500,000.

38. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

39. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, multiple food items were used at ZERZA MOROCCAN KITCHEN such rice, chicken, beef, peas, fish, tomatoes, couscous and cleaning supplies, were produced outside the State of New York.

40. Defendants shared supplies and services including the work of Plaintiff GARCIA. During his time working out of MARIPOSA, Plaintiff GARCIA continued to prepare food that was sent over to and utilized at the ZERZA location.

*Plaintiff ANDRES GARCIA PUEBLA*

41. Plaintiff GARCIA was employed by Defendants from approximately 2005 through August 2021.

42. Throughout his employment with defendants, Plaintiff GARCIA was employed by the Defendants as a cook.

43. Plaintiff GARCIA regularly handled goods in interstate commerce, such as food articles produced outside the state of New York.

44. Plaintiff GARCIA's work duties required neither discretion nor independent judgment.

45. Plaintiff GARCIA regularly worked in excess of 40 hours per week.

46. Plaintiff GARCIA worked in three different locations for Defendants.

47. Plaintiff GARCIA first worked at ZERZA located at 320 East 6th Street, New York, New York 10003 from 2005 until 2019.

48. Plaintiff worked in MAYAHUEL MARIPOSA located at 304 East 6th Street, New York from 2019 until March 2020, at the mutual request and direction of Defendants RADOUANE ELJAOUHARI and KEITH SIILATS.

49. Plaintiff GARCIA returned to ZERZA, at the request and direction of Defendant RADOUANE ELJAOUHARI, which was by then relocated to 88 Essex Street, New York, New York 10002, from March 2020 until August 2021.

50. Plaintiff GARCIA worked for the Defendants six-days per week from 12:00 P.M. until approximately between 11:00 P.M. and 12:00 A.M. from June 2016 until 2019 at the first ZERZA location.

51. From 2019 until March 2020, Plaintiff GARCIA worked for the Defendants six days per week from 12:00 P.M. until approximately between 11:00 P.M. and 12:00 A.M. at Mariposa located at 304 East 6th Street, New York 10003.

52. On March 20, 2020, Defendants closed MARIPOSA due to the pandemic.

53. However, ZERZA continued to operate at a new location – 88 Essex Street New York, NY 10002 – and Defendant RADOUANE ELJAOUHARI requested and directed Plaintiff to continue to work there as a cook.

54. Plaintiff GARCIA worked for the Defendants 2 days a week from March 2020 until September 2020.

55. From September 2020 to August 2021, Plaintiff GARCIA worked for the Defendants five (5) days per week from 8:00 A.M. until approximately 3:00 P.M.

56. Defendants paid Plaintiff at a weekly salary rate without a premium for his overtime hours, and that fell below the requisite minimum wages.

57. Defendants paid Plaintiff a weekly salary of $600 from 2015 until March 2020.

58. Defendants paid Plaintiff $450 weekly when he worked five (5) days from September 2020 until August 2021.

59. No notification was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

60. Defendants never provided Plaintiff with each payment of wages a statement of wages, as required by NYLL 195(3).

61. Defendants never provided Plaintiff GARCIA, any notice in English and in Spanish (Plaintiff GARCIA's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62. Defendants obliged Plaintiff to pay for numerous inventory and supplies without reimbursing him.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

65. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff GARCIA's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff GARCIA, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff GARCIA at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

**VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW**

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

76. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

78. Plaintiff GARCIA repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment and determined the rates and methods of any compensation in exchange for employment.

80. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff GARCIA less than the minimum wage.

81. Defendants' failure to pay Plaintiff GARCIA the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff GARCIA was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

83. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

85. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

86. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. Defendants failed to provide Plaintiff with written notices, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

89. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

90. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

91. With each payment of wages, Defendants failed to provide Plaintiff with a

statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

92. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION

**UNLAWFUL DEDUCTIONS, TOOLS OF THE TRADE and KICKBACKS**

93. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

94. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 196, 195 and 198 and the applicable regulations thereunder.

95. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee. N.Y. Lab. Law §193(1).

96. NYLL § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1). NYLL § 193(2).

97. NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiff and other similarly-situated employees. NYLL § 198-b.

98. Title 12 of the Rules and Regulations of New York provides that the minimum

wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer.

99. Defendants made unlawful charges of Plaintiff by failing to reimburse him for his expenditures for supplies made for the benefit of the employer.

100. Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

101. Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

102. Plaintiff has been damaged in an amount as yet undetermined plus liquidated damages.

## TENTH CAUSE OF ACTION

### TOOLS OF THE TRADE AND KICKBACKS (FLSA)

103. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

104. The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer. 29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

105. An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work. 29 C.F.R. § 531.35.

106. Defendants made unlawful charges of Plaintiff by failing to reimburse him for his expenditures for supplies made for the benefit of the employer.

107. Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

108. Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

109. Plaintiffs have been damaged in an amount as yet undetermined plus liquidated damages, reasonable attorney's fees and costs, pre- and post- judgment interest and any other remedy permitted by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the minimum wage and overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the Spread of Hours Wage Order of the New

York Commission of Labor as to Plaintiff;

(h) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j) Awarding Plaintiff damages for the amount of unpaid minimum wages and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(o) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
August 10th, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*