UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARCIA PUEBLA,

                         Plaintiff,

              v.

NY ZERZA CORP., et al.,

                         Defendants.

22 Civ. 6820 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

In this action, Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"). The parties have reached a settlement on all issues. In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (outlining the factors that district courts have used to determine whether a proposed settlement and award of attorney's fees is fair and reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015).

On May 10, 2024, the parties filed a joint letter motion seeking approval of their settlement of Plaintiff's claims. *See* ECF No. 52. Attached to the letter motion are the executed settlement agreement, *see* ECF No. 52-1; an estimated damages chart, *see* ECF No. 52-2, and an invoice for legal services, *see* ECF No. 52-3. Having reviewed the parties' settlement agreement materials, the Court holds that it is hereby **APPROVED** as fair and reasonable.

The parties disagree on the number of hours worked and term of employment. *See* ECF No. 52 at 3. Plaintiff states that he received a weekly salary of $600 from 2015 to March 2020. *Id.* at 3. Defendants contend that Plaintiff's weekly salary was $450 from September 2020 until

1

August 2021.  *See id.*  In any event, had Plaintiff prevailed on all claims, the estimated damages in unpaid and overtime wages would have been approximately $158,550, an equal amount in liquidated damages, and $16,470 in unpaid spread of hours.  Thus, had Plaintiff prevailed on all claims, he would have received $333,570.  *See* ECF No. 52-2.

The settlement payment totals $51,500.  *See* ECF No. 52-1.  While the settlement amount falls at the lower end of settlements that courts in this District have approved, the Court also considers "the seriousness of litigation risks faced by the parties" and "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (cleaned up).  Here, the parties represent that Plaintiff faces litigation risks of a contrary finding of fact on the number of hours worked, a contrary finding of fact or law on which individuals or corporations may or may not have been Plaintiff's employers, and a contrary finding of fact regarding the term of employment.  *See* ECF No. 52 at 3-4.  The parties contend the agreement represents "an informed decision [by Plaintiff] at this stage of litigation without the risk of a contrary finding of fact at trial on either his hours worked or the term of his employ."  ECF No. 52 at 5.  Given the "substantial legal and factual disputes that go to the core of Plaintiff's claims," the recovery is in line with settlements approved in this District.  *Aguilar v. N & A Prods. Inc.*, No. 19 Civ. 1703, 2019 WL 5449061, at *1-*2 (S.D.N.Y. Oct. 24, 2019) (approving settlement amount of about seven percent due to the "substantial legal and factual disputes").  *See also Hollis v. All Am. Bar on First, Inc.*, No. 22 Civ. 1466, 2023 WL 4350613, at *2 (S.D.N.Y. July 5, 2023) (approving a settlement of approximately six percent of Plaintiff's best-case recovery); *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to "12.5% of the best-case

scenario" for the plaintiff); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17 Civ. 9632, 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving settlement that would net the plaintiff approximately 13 percent of the maximum possible recovery amount where facts were disputed). The parties note that the "value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *See Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009).  In light of the circumstances, the Court finds no fairness concerns with the compromise reached by the parties.

Second, Parties represent that this settlement agreement was reached because of extensive arm's length negotiations between experienced counsel—and that it took place through the Southern District of New York Mediation Program, over two separate, lengthy mediation sessions and with Donald Rose, Esq. serving as the mediator.  *See* ECF No. 52 at 1.  Courts typically regard the adversarial nature of a litigated FLSA case and arm's-length bargaining to be indicators of the fairness of the settlement.  *See Aponte v. Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825, 2013 WL 1364147, at *9 (S.D.N.Y. Apr. 2, 2013); *accord Zorn-Hill v. A2B Taxi LLC*, No. 18 Civ. 11165, 2020 WL 5578357, at *2 (S.D.N.Y. Sept. 17, 2020) ("[W]hether the settlement agreement is the product of arm's-length bargaining between experienced counsel" is a significant factor in assessing the fairness of an agreement.") (cleaned up).

Finally, nothing suggests that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335.  And although the FLSA places "strict limits on an employee's ability to waive claims for fear that employers would otherwise coerce employees into settlement and waiver," *id.* at 335, these concerns are minimal as Plaintiff no longer works for Defendant, *see, e.g., Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (noting that

plaintiffs are "no longer employees of the defendants," which "reduc[es] the danger that the release was obtained through improper job-related pressure").

It is further **ORDERED** that Plaintiff's counsel's request for attorney's fees and costs is **GRANTED.**

Plaintiff's counsel requests $17,311.66 in legal fees and costs, comprising one-third of the recovery and costs in this litigation. *Id.* at 4. Plaintiff's counsel submits detailed invoices documenting the work and time allocated to each task pertinent to the case. *See generally* ECF No. 52-3. They use hourly rates of $375 per hour for attorneys—a figure that courts have approved in similar cases. *See Silva v. Legend Upper W. LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour cases."), *adopted by*, 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022).

Moreover, "courts in the Second Circuit routinely award attorney's fees in FLSA settlements of as much as one-third of the total recovery." *Farez v. JGR Servs., Inc.*, No. 21 Civ. 8205, 2023 WL 8827576, at *6 (S.D.N.Y. Dec. 21, 2023); *see also Wang v. Shun Lee Palace Rest., Inc.*, No. 17 Civ. 840, 2022 WL 3445503, at *8 (S.D.N.Y. Aug. 17, 2022) (finding that attorney's fees and costs in the amount of one-third the settlement amount in an FLSA case was reasonable); *Kaloshi v. W. Vill. Oasis, Inc.*, No. 22 Civ. 4593, 2024 WL 3227092, at *4 (S.D.N.Y. June 28, 2024) (same); *Oxley v. Excellent Home Care Srvs.*, No. 18 Civ. 2374, 2020 WL 589591, at *3 (E.D.N.Y. Jan. 8, 2020) (approving fee request as reasonable when plaintiff's counsel's request for fees constituted one-third of the settlement amount). Counsel also provides sufficient documentation in support of its requested amount for costs. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("An award of costs normally includes those reasonable

4

out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients. The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.") (cleaned up)).

The parties included a proposed stipulated agreement to dismiss the case in connection with their motion for approval. *See* ECF No. 53. In accordance with that agreement, Plaintiff shall have **45 days** from the date of this Order to re-open the case in the event the settlement is not consummated.

The settlement agreement poses none of the equity concerns outlined by *Cheeks* and its progeny. It is, therefore, approved as fair and reasonable. Accordingly, any pending motions are moot. All conferences are canceled.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 4, 2024
New York, New York

DALE E. HO
United States District Judge